UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GLENN & JOLYNN BRAGG | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-06-CV-1129-XR |
| | ) |
| EDWARDS AQUIFER AUTHORITY, *et al*. | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The Court has thoroughly reviewed the arguments of counsel, the facts of the case, and the applicable law. The Court is of the opinion that Defendants' Motion to Exclude Word Sherrill, Jr. as Expert Witness (Docket No. 112) be **DENIED**.

**Facts and Procedural Background**

Plaintiffs Glenn and Jolynn Bragg own two pecan orchards in Medina County, Texas. The first orchard is located just north of Hondo, Texas and is referred to as "the Home Place Orchard." Purchased by the Braggs in 1979, the Home Place Orchard consists of 60.81 acres and is comprised of a commercial pecan orchard, the Braggs' home, and pecan processing facilities. The second orchard, purchased in 1983, is located three miles north of D'Hanis, Texas and is styled "the D'Hanis Orchard." It consists of 42.1662 acres and is used exclusively for growing pecans. Both orchards reside atop the Edwards Aquifer (Aquifer).

In 1993, the Texas Legislature enacted the Edwards Aquifer Authority Act (EAA Act), which established a new regulatory system to govern use of groundwater from the Aquifer and created the

Edwards Aquifer Authority (EAA) to administer it. The EAA Act established a historical preference for users who withdrew groundwater from the Aquifer between June 1, 1972 and May 31, 1993. According to the enabling legislation, existing users had until March 1, 1994 to file a declaration of historical use with the EAA.

The EAA Act did not go into effect as originally scheduled, however, because of constitutional challenges brought against it. The Texas Supreme Court resolved these issues in favor of the Act in *Barshop v. Medina County Underground Water Conservation District*, 925 S.W.2d 618 (Tex. 1996). By the time the *Barshop* ruling came down, the March 1, 1994 deadline had passed, so the EAA set a new deadline of December 30, 1996 for filing historical use declarations. Accordingly, the Plaintiffs filed applications for the D'Hanis Orchard and the Home Place Orchard on December 27, 1996.[1]

After reviewing Plaintiffs' applications for their two orchards, the EAA's General Manager recommended a full denial of the D'Hanis application and a partial denial of the Home Place application. Pursuant to these recommendations, Plaintiffs filed suit on July 28, 1998 against the EAA under the Texas Private Real Property Rights Preservation Act (Property Rights Act), alleging the EAA failed to prepare Takings Impact Assessments. The Texas Supreme Court ultimately resolved this litigation in the EAA's favor in *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729 (Tex. 2002).

On September 21, 2004, the EAA issued a final order completely denying the Plaintiffs'

---

[1] The Plaintiffs began using water from the Aquifer on the Home Place Orchard in 1979. At the D'Hanis Orchard, the Plaintiffs commenced drawing Aquifer water in February 1995, pursuant to authorization granted by the Medina County Groundwater Conservation District, whom Plaintiffs contend was the only regulatory authority in operation at the time. Prior to this, Plaintiffs state they relied on shallow wells for irrigating the D'Hanis Orchard.

D'Hanis Orchard application (D'Hanis Decision) on the basis that the Aquifer well had been drilled outside the historic use period. On February 8, 2005, the EAA partially granted the Home Place Orchard application (Home Place Decision), permitting Plaintiffs less access to the Aquifer than they had requested.

On November 21, 2006, Plaintiffs filed suit against the EAA, pleading takings claims under Article I, § 17 of the Texas Constitution and Equal Protection and Due Process claims under 42 U.S.C. § 1983. Plaintiffs were required to designate testifying expert witnesses by October 19, 2007, and designated Word Sherrill, Jr. as an expert witness. Subsequently, Defendants deposed Word Sherrill, Jr. on November 13, 2007. Defendants then filed their motion to exclude Mr. Sherrill's testimony on December 14, 2007. Plaintiffs then filed their response on January 7, 2008.

**Legal Analysis**

<u>Legal Standard for Admissibility of Expert Testimony</u>

Federal Rule of Evidence 702 governs admissibility of expert testimony and requires the Court to determine whether "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[2] To make this determination, the Court evaluates whether the expert is qualified to testify, whether the expert's methodology is reliable, and whether the expert's testimony will assist the trier of fact.[3] The proposed expert testimony will be admissible if the Court finds the *Daubert* and FRE 702 requirements are satisfied. When an opponent challenges the bases and sources of an expert's opinion, the Court should defer to the jury,

---

[2] FED. R. EVID. 702.

[3] See generally, *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579 (1993).

as such questions touch on the weight and credibility of the evidence, not the admissibility.[4] When faced with opinion testimony which questionably satisfies the admissibility requirements, the opponent should employ the traditional methods of attacking such evidence.[5]

### Application to Case at Bar

In the instant case, Defendants' motion asserts reliability and relevance challenges to Mr. Sherrill's testimony.[6] A common thread among these challenges is that the Defendants take issue with Mr. Sherrill's appraisal methods and the bases for his conclusions. The Fifth Circuit has set out that challenges which speak to the "bases and sources of an expert's opinion" are questions of weight which lie within the province of the jury.[7] As such, the Defendants' challenges to Mr. Sherrill's testimony are ripe for further development through cross-examination and presentation of contrary evidence.

### Conclusion

Having carefully reviewed the arguments of both parties, the Court is of the opinion that the issues presented by Defendants' Motion to Exclude the Testimony of Word Sherrill, Jr. are better suited for disposition through rigorous cross-examination and presentation of contrary evidence.

---

[4] *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("[Q]uestions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.")(citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

[5] *Id*. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.")(citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[6] Docket No. 112 at 5.

[7] *14.38 Acres of Land*, 80 F.3d at 1077.

Therefore, Defendants' Motion to Exclude Word Sherrill, Jr. as Expert Witness (Docket No. 112) is **DENIED.**

    It is so ORDERED.

    SIGNED this 16th day of January, 2008.

                                        XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE